IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| FULLER LAMAR THOMAS,<br><br>    Plaintiff,<br><br>  v.<br><br>OFFICER MS. SPALDING, and OFFICER MR. THOMAS,<br><br>    Defendants. | CIVIL ACTION NO.: 2:23-cv-107 |

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983.[1]  Doc. 1.  This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's claims for injunctive relief.  Additionally, I **RECOMMEND** Plaintiff's claims for monetary damages be **STAYED** pending the resolution of the parallel state court proceedings.  Further, I **ORDER** Plaintiff to notify the Court within 30 days of the disposition of his criminal charges related to the June 28, 2022 incident described in his Complaint.

**PLAINTIFF'S CLAIMS**[2]

Plaintiff filed this action when he was a pretrial detainee at the Glynn County Detention Center.  Doc. 1 at 4, 11.  The events giving rise to Plaintiff's claims occurred in the Brunswick,

---

[1] Plaintiff filed similar claims against the same defendants in another case, Thomas v. Spalding, Case Number 2:22-cv-130 (S.D. Ga. Mar. 16, 2023).  The Court dismissed Plaintiff's Complaint without prejudice in that case for failure to follow this Court's Order and failure to prosecute.  Id. at ECF No. 12.  Because the dismissal was without prejudice, the Court should consider Plaintiff's claims again here.

[2] All allegations set forth here are taken from Plaintiff's Complaint.  Doc. 1.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

Georgia Post Office on June 28, 2022.  Id. at 4.  Plaintiff ran into the post office to get help, and a postal worker called the police.  Id. at 5.  Plaintiff does not explain why he needed help.  Defendants Spalding and Thomas, both Brunswick police officers, arrived.  Id.  Defendants searched Plaintiff and found nothing.  Defendants searched Plaintiff again and found meth "in [Plaintiff's] person which wasn't on [Plaintiff] in the beginning."  Id.  Plaintiff states he was wrongfully accused and charged.  Id.  Plaintiff requests monetary damages, dismissal of his charges, and for Defendants to be relieved of duty.  Id.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a

complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

## DISCUSSION

### I.     Plaintiff's Claims for Injunctive Relief

Plaintiff brings § 1983 claims related to a state court criminal prosecution against him. Plaintiff seeks injunctive relief; specifically, Plaintiff wants "all charges dismissed" and Defendants to be relieved of duty as police officers.  Doc. 1 at 5.  Plaintiff, in asking for injunctive relief, is, in essence, asking the Court to intervene in his state criminal prosecution.

Federal courts should not intervene in ongoing state criminal proceedings, except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm. Younger v. Harris, 401 U.S. 37, 44–46 (1971); see also Newsome v. Broward Cnty. Pub. Defenders, 304 F. App'x 814, 816 (11th Cir. 2008) ("[F]ederal courts ordinarily must refrain from deciding the merits of a case when (1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the parties have an adequate opportunity to raise any constitutional claims in the state proceeding.").  In Younger, the United States Supreme Court reaffirmed "the settled doctrines" and "longstanding public policy" federal courts should not intervene in an ongoing state criminal prosecution "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." 401 U.S. at 49–50.

Plaintiff has provided no reason he would be unable to raise his federal constitutional claims in the state courts.  Without extraordinary circumstances justifying this Court's intervention, abstention would ordinarily be appropriate.  Therefore, Plaintiff's claims for

injunctive relief should be dismissed without prejudice.  See Jackson v. Georgia, 273 F. App'x 812, 813–14 (11th Cir. 2008) (affirming sua sponte dismissal under § 1915A due to Younger abstention); Smith v. Mercer, 266 F. App'x 906, 908 (11th Cir. 2008) (noting "[a] dismissal pursuant to the Younger doctrine is without prejudice[] and does not preclude later re-filing of the complaint").  Accordingly, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's claims for injunctive relief.[3]

## II.     Plaintiff's Claims for Monetary Damages

Plaintiff alleges Defendants searched him, found nothing, then searched him again and found meth.  Doc. 1 at 5.  Construing these claims liberally, Plaintiff alleges Defendants planted false evidence, then charged him with a crime on the basis of the false evidence.  It appears from the record the state criminal proceedings against Plaintiff on the basis of the June 28, 2022 incident are ongoing.  The Court has no indication to the contrary.[4]

Federal courts should abstain from claims for injunctive relief, as well as claims from declaratory judgment, that would effectively enjoin state proceedings.  Watson v. Fla. Judicial Qualifications Comm'n, 618 F. App'x 487, 491 (11th Cir. 2015) (citing Old Republic Union Ins. Co. v. Tillis Trucking Co., 124 F.3d 1258, 1261 (11th Cir. 1997)); Younger, 401 U.S. at 53–54.  However, claims for monetary relief brought in federal court that cannot be redressed in the

---

[3]     It is unclear if the state court proceedings are still pending against Plaintiff today.  However, "'[t]he date of filing of the federal complaint is the relevant date for purposes of determining Younger's applicability' because 'the Supreme Court held that Younger applies if state court proceedings were pending at the time of the filing of the federal complaint.'"  Hale v. Pate, 694 F. App'x 682, 683 (11th Cir. 2017) (alteration in original) (quoting The News-Journal Corp. v. Foxman, 939 F.2d 1499, 1510 (11th Cir. 1991)).  Plaintiff dated his Complaint on September 7, 2023, while he was a pretrial detainee at the Glynn County Detention Center, stating, "I want all charges dismissed."  Doc. 1 at 4–5, 11.  Thus, it appears the state court proceedings were still pending against Plaintiff at the time he filed his Complaint.

[4]     Plaintiff has been transferred from the Glynn County Detention Center to a Georgia Department of Corrections institution.  Docs. 8, 17, 19.  However, it is unclear whether the charges related to the June 28, 2022 search were resolved.  If the charges related to the June 28, 2022 incident have been resolved, Plaintiff should promptly notify the Court.

parallel state court proceeding should be stayed rather than dismissed.  Tribble v. Tew, 653 F. App'x 666, 667 (11th Cir. 2016) (citing Deakins v. Monaghan, 484 U.S. 193, 202 (1988)); Pompey v. Broward County, 95 F. 3d 1543, 1552 n.12 (11th Cir. 1996) ("It is doubtful that federal district courts may dismiss claims for damages under abstention principles." (citing Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 728–730 (1996))); Watson, 618 F. App'x at 491 ("[T]he district court lacked discretion to dismiss Watson's claims for monetary damages under the Younger doctrine . . . ." (citing Deakins, 484 U.S. at 202)).  Thus, I **RECOMMEND** Plaintiff's claims for monetary damages be **STAYED** pending the resolution of the parallel state court proceedings.  I **ORDER** Plaintiff to notify the Court within 30 days of the disposition of his criminal charges related to the June 28, 2022 incident described in his Complaint.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's claims for injunctive relief.  Additionally, I **RECOMMEND** Plaintiff's claims for monetary damages be **STAYED** pending the resolution of the parallel state court proceedings.  Further, I **ORDER** Plaintiff to notify the Court within 30 days of the disposition of his criminal charges related to the June 28, 2022 incident described in his Complaint.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 3rd day of June, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA